# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 3:97-cr-205-BJD-MCR

BRADLEY JAMES ORNS
_____/

## ORDER

Before the Court is Defendant Bradley James Orns's Renewed Petition for Writ of Error Coram Nobis under the All Writs Act, 28 U.S.C. § 1651(a). (Doc. 266, Renewed Petition). The United States has responded in opposition. (Doc. 275, Response). Although the Court did not grant him leave to do so, Orns filed a reply brief. (Doc. 276, Reply).

In 1997, a federal grand jury charged Orns with one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One), and one count of possessing a document-making implement with intent to produce a false identification, in violation of 18 U.S.C. § 1028(a)(5) (Count Two). (Doc. 14, Indictment). In Count One, the Indictment charged:

> From on or about April 30, 1997, until on or about June 12, 1997 at Jacksonville and Orange Park, in the Middle District of Florida and elsewhere,
>
> BRADLEY JAMES ORNS
> a/k/a Brad Ollis,
> a/k/a Dusty Owens,
> a/k/a "Dude"

> the defendant herein, knowingly and willfully attempted to unlawfully obstruct, delay and affect commerce and the movement of articles and commodities in interstate commerce by robbery, in that the defendant attempted to unlawfully take and obtain property, that is a shipment of United States currency, from an Armored Car Services of Florida armored car by means of actual and threatened force, violence and fear of injury, immediate and future, to the Armored Car Services of Florida armored car guards, that is by threatening and attempting to use semi-automatic firearms, including a mini-14 shoulder fired weapon with a hellfire switch and a .380 semi-automatic pistol, and threatening and attempting to murder the Armored Car Services of Florida armored car guards by suffocating the guards and then cutting up the guards' bodies with a hacksaw.
>
> In violation of Title 18, United States Code, Section 1951.

Indictment at 2–3. Orns proceeded to trial, after which the jury convicted him of Count One. (Doc. 166, Jury Verdict; see also Doc. 204, Judgment).[1] The Court sentenced Orns to a term of 20 years in prison. See Judgment.

Orns appealed his conviction and sentence, arguing that the government constructively amended the Indictment by introducing evidence that was not alleged in the Indictment concerning the interstate commerce element of Hobbs Act robbery. United States v. Orns, 232 F.3d 213 (11th Cir. 2000); (Doc. 230, USCA Decision at 2). The Court of Appeals rejected that argument, explaining that "[b]ecause Orns had placed the interstate aspect of the case in issue (by his not guilty plea), the prosecutor was required to introduce the evidence Orns now complains of." USCA Decision at 2–3. Orns also challenged the Court's application of the Sentencing Guidelines, which the Court of Appeals rejected

---

[1] Orns was acquitted of Count Two on a motion by the United States and by a Court order. (See Docs. 170, 171).

as well. Id. at 3–4. Thus, the Court of Appeals affirmed Orns's conviction and sentence. The Supreme Court denied his petition for a writ of certiorari. Orns v. United States, 532 U.S. 1001, 121 S. Ct. 1670 (2001).

After his conviction and sentence became final, Orns raised several collateral attacks against the Judgment. He filed a motion to vacate sentence under 28 U.S.C. § 2255 (Orns v. United States, No. 3:01-cv-1359-RWN, Dkt. 10, Amended § 2255 Motion), a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Doc. 261), and a petition for writ of error coram nobis (Doc. 264). In each one, Orns argued that the Indictment was jurisdictionally defective because it omitted certain elements of the definition of robbery under the Hobbs Act. However, the Court denied each motion without reaching the merits of this claim. (Doc. 254, Order Denying Amended § 2255 Motion; Doc. 258, USCA Order Denying Certificate of Appealability; Doc. 263, Order Denying Rule 60(b) Motion; Doc. 265, Order Denying Petition for Writ of Coram Nobis).

Orns completed his term of incarceration and was released from prison on November 24, 2014, at which time he began serving a five-year term of supervised release. Orns completed the term of supervised release in 2019. As such, Orns is no longer in custody under this Court's Judgment.

Orns filed the Renewed Petition in February 2021. He asks that the Court vacate his conviction because, he contends, the Indictment contained two fatal flaws. Orns claims that the Indictment failed to charge an offense under federal

3

law because it failed to allege two elements of Hobbs Act robbery. According to Orns, "robbery" under the Hobbs Act means (1) the unlawful taking or obtaining (2) of personal property (3) from the person or in the presence of another, (4) against his will, (5) by means of actual or threatened force, violence, or fear of injury, immediate or future, to his person or property. Renewed Petition at 7 (citing 18 U.S.C. § 1951(b)(1)). Orns argues that the Indictment failed to allege the third and fourth elements. Id. He further contends that these omissions deprived the Court of subject-matter jurisdiction. Id. at 5–10. Orns asserts that coram nobis relief is available because he is no longer in custody, because a jurisdictional defect is cognizable under coram nobis, and because he has presented these claims before but they were never decided on the merits.

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the authority to issue writs of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy to vacate a conviction and is available, unlike relief under 28 U.S.C. § 2255, when the petitioner has served his sentence and is no longer in custody." United States v. Spellissy, 842 F. App'x 516, 517 (11th Cir. 2021) (citing United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)). Coram nobis is an extraordinary remedy available only "in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203. A court may provide coram nobis relief if: (1) no other avenue of relief is or was available; and (2) the petitioner presents a fundamental error

4

that made the proceedings irregular and invalid. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). If other avenues of relief are or were available, a court may consider coram nobis relief only if a petitioner presents sound reasons for failing to seek relief earlier. Mills, 221 F.3d at 1204. The Eleventh Circuit has said "it is 'difficult to conceive of a situation in a federal criminal case today' where coram nobis relief 'would be necessary or appropriate.'" Spellissy, 842 F. App'x at 518 (quoting Lowery v. United States, 956 F.2d 227, 229 (11th Cir. 1992)).

Orns fails to show that no other avenue of relief is or was available to him. Alikhani, 200 F.3d at 734. Orns could have challenged the charging defects he now complains of on direct appeal, but he did not do so. Although he argued on direct appeal that the government constructively amended the Indictment insofar as the interstate commerce element went, he did not challenge the sufficiency of the Indictment's allegations regarding the act of robbery. In his Amended § 2255 Motion, Orns admitted that this issue was not presented on direct appeal "due to defendant, attorney, and courts' oversight. [sic]" Amended § 2255 Motion at § 13. The facts and the law were sufficiently developed to allow Orns to have raised such a challenge on direct appeal, but he did not do so. Orns does not point to any change in the law or newly discovered fact that would support his belated challenge to the sufficiency of the Indictment's description of robbery. Because Orns had an adequate avenue for relief in the form of his

5

direct appeal, and because he has not shown good reason for failing to raise the claim at that time, he is not entitled to coram nobis relief.

In any event, Orns's claim that the Indictment was jurisdictionally defective lacks merit. To be sure, a jurisdictional error is of "such a 'fundamental character' as to render proceedings 'irregular and invalid.'" Peter, 310 F.3d at 715. However, the Eleventh Circuit Court of Appeals has repeatedly held that the "omission of an element from an indictment does not deprive the district court of jurisdiction." United States v. Brown, 752 F.3d 1344, 1351 (11th Cir. 2014). "The omission of an element may render the indictment insufficient, but it does not strip the district court of jurisdiction over the case." Id. at 1353–54 (internal citation omitted); see also United States v. Cotton, 535 U.S. 625, 627, 630–31 (2002) (indictment's failure to allege the drug quantity element of a violation under 21 U.S.C. § 841 was not a jurisdictional defect). In Alikhani v. United States, for example, the Eleventh Circuit held that the government's failure to allege that the defendant was a "U.S. person," even assuming this was an element of the crime of conviction, did not affect the district court's subject-matter jurisdiction and did not warrant coram nobis relief. 200 F.3d at 735. Likewise, in Brown the court held that the indictment's failure to allege the requisite mens rea element was not a jurisdictional defect. 752 F.3d at 1345, 1353–54. And in United States v. Moore, the court held that the indictment's failure to allege that the defendant knew of his status as a convicted felon, as

6

required for a conviction under 18 U.S.C. § 922(g) following <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), did not affect the district court's jurisdiction. 954 F.3d 1322, 1332–37 (11th Cir. 2020).

In only three circumstances has the Eleventh Circuit determined that a defect in the indictment was jurisdictional. An indictment contains a jurisdictional defect when it affirmatively alleges

> (1) a crime that simply [does] not exist in the United States Code, [<u>United States v. Meacham</u>, 626 F.2d 503, 505, 509–10 (5th Cir. 1980)][2]; (2) conduct that undoubtedly fell outside the sweep of the [charged] statute, <u>Peter</u>, 310 F.3d at 710–11; and (3) a violation of a regulation that was not intended to be a "law" for purposes of criminal liability, [<u>United States v. Izurieta</u>, 710 F.3d 1176, 1179, 1184 (11th Cir. 2013)].

<u>Brown</u>, 752 F.3d at 1353.[3] <u>United States v. Peter</u> offers a useful example. There,

> [the defendant] pled guilty to specific conduct that the Supreme Court ultimately determined did not constitute a crime. [310 F.3d at 710–11]. Peter's conviction was predicated on mail fraud; he admitted to making misrepresentations on applications for alcohol licenses which he mailed to state authorities. <u>Id.</u> at 711. But after Peter pled guilty and served his sentence, the Supreme Court held in <u>Cleveland v. United States</u> that the offense of mail fraud requires the object of the fraud to be property in the hands of the victim. 531 U.S. 12, 15, 121 S. Ct. 365, 368, 148 L.Ed.2d 221 (2000). The Supreme Court also concluded that state and municipal licenses do not rank as "property" in the hands of the official licensor for purposes of the mail fraud statute. <u>Id.</u>

---

[2] The former Fifth Circuit's decisions, if handed down before October 1, 1981, are binding in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc).

[3] In <u>Meacham</u>, the indictment charged the defendant with conspiracy to attempt to import marijuana, but there is no such thing as "conspiracy to attempt" in the United States Code. 626 F.2d at 509–10. In <u>Izurieta</u>, the indictment alleged that the defendant violated a regulation that carried only civil penalties and was not meant to impose criminal liability. 710 F.3d at 1179. Thus, the indictment alleged facts that negated a crime against the laws of the United States. <u>See id.</u>

7

> Given that Peter's indictment alleged that the property in the victim's hands was a state license, <u>those very allegations in the indictment affirmatively negated that Peter committed the offense of mail fraud</u>. For that reason, the <u>Peter</u> Court granted coram nobis relief, rejecting the government's contention that the indictment defect was non jurisdictional and therefore waived. 310 F.3d at 714–16.

<u>Brown</u>, 752 F.3d at 1351–52 (emphasis added).

> The problem [in <u>Peter</u>] is not that the government failed to allege a fact or an element that would have made the indictment's criminal charge complete. Instead, "it is that the Government affirmatively alleged a specific course of conduct that is outside the reach of the mail fraud statute." [310 F.3d at 715]. Importantly, <u>"Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability."</u> Id.

<u>Brown</u>, 752 F.3d at 1352 (emphasis added). To reiterate, "[t]he absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." <u>Moore</u>, 954 F.3d at 1333.

Orns complains that Count One of the Indictment failed to allege two elements of the definition of robbery under 18 U.S.C. § 1951(b)(1): (1) that he took property from the person or in the presence of another and (2) that he took property against the victim's will. Renewed Petition at 7–10. Even if the Indictment failed to allege these two elements – which the Court doubts[4] – these

---

[4] Indeed, the Indictment alleged that Orns "attempted to unlawfully take … a shipment of United States currency[ ] from an Armored Car Services of Florida armored car by means of actual and threatened force, violence and fear of injury, immediate and future, to the Armored Car Services of Florida armored car guards" by threatening and attempting to use firearms against the guards, and by attempting and threatening to murder the guards "and then cut[ ] up the guards' bodies with a hacksaw." Indictment at 2–3. Under a common sense reading of the Indictment, it alleges that (1) Orns attempted to take property from Armored Car Services of Florida or in the presence of its agents (i.e., the armored car guards), and (2) against the will of Armored Car Services of Florida and its agents.

8

are the types of omissions that the case law establishes are non-jurisdictional defects. Although Orns argues that failing to charge one or more elements of the offense means that the Court lacked jurisdiction, this argument relies on an outdated concept of jurisdiction that the Supreme Court repudiated in Cotton, 535 U.S. at 630–31. See Brown, 752 F.3d at 1350–51. "Ultimately, the law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction…. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." Moore, 954 F.3d at 1336.

"The standard for whether an indictment sufficiently alleges a crime is not demanding." Id. at 1332. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction." Brown, 752 F.3d at 1354. Here, the Indictment did all that was necessary to invoke the Court's jurisdiction over "offenses against the laws of the United States." 18 U.S.C. § 3231. Count One charged Orns with attempted Hobbs Act robbery in language that closely tracked the statute. Compare Indictment at 2–3 with 18 U.S.C. §§ 1951(a), (b)(1) (1997). Count One concluded that the alleged facts violated 18 U.S.C. § 1951 – a valid federal criminal statute enacted in the United States Code. As such, the Indictment was sufficient to confer the Court with subject-matter jurisdiction

9

to adjudicate Orns guilty of the charged offense. Orns's jurisdictional objections therefore fail.

Based on the foregoing, Defendant Bradley James Orns's Renewed Petition for Writ of Error Coram Nobis (Doc. 266) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of June, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Parties and counsel of record

10